WILLIAM A. PRICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Price v. Commissioner
Docket No. 23040-91
United States Tax Court
T.C. Memo 1993-265; 1993 Tax Ct. Memo LEXIS 268; 65 T.C.M. (CCH) 2968; June 16, 1993, Filed *268 For petitioner: Gino P. Cecchi. For respondent: Lin Murphy. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency of $ 5,859 in petitioner's Federal income tax for 1988. The sole issue for decision is whether the net profits received by petitioner from his convalescent hospital are net earnings from self-employment and subject to self-employment tax. Some of the facts have been stipulated and are so found. Petitioner resided in Palm Springs, California, when he filed the petition in this case. After graduating from medical school, petitioner practiced as a medical doctor at various locations in California. In 1958 he purchased the Mission Bay Convalescent Hospital (Hospital), *269 located in the San Francisco area, and petitioner now is the sole owner of the Hospital. When petitioner acquired the Hospital, it had been closed for approximately 5 or 6 years. Petitioner purchased the Hospital with the intention of operating it as a convalescent hospital. After 2 or 3 years of remodeling, petitioner did operate it as a convalescent hospital until approximately 1968. During this time petitioner worked 12 to 16 hours a day in his profession as a medical doctor and was not active in the day-to-day management of the Hospital, but during at least a portion of this time his ex-wife served as administrator of the Hospital. In 1968, petitioner leased the Hospital for 15 years. In 1984, the lease expired and the Hospital property was returned to petitioner. Petitioner spent close to a quarter of a million dollars in renovation as a result of the disastrous condition in which the tenant left the premises. The renovations were supervised by petitioner's ex-wife and her husband. Petitioner's ex-wife selected an administrator for the remodeled Hospital. Petitioner made the decision to take the asbestos out of the Hospital during renovation and later he decided to *270 spend $ 50,000 to $ 60,000 to install windows with improved thermal insulation qualities. The Hospital was operated in 1988 as a skilled nursing facility, licensed under title 22 of the California Administrative Code, and petitioner was the licensee. Under California law, a skilled nursing facility is required to employ an administrator to carry out the policies of the licensee and to otherwise be responsible for the administration and management of the nursing facility. Cal. Code Regs. tit. 22, sec. 72513(a) (1988). Although petitioner is the licensee of the Hospital, he cannot operate and manage the Hospital without undergoing certain required training and obtaining an administrator's license or employing a licensed nursing home administrator. Id. secs. 72513(a), 72007, 72501; Cal. Code Regs. tit. 16, sec. 3116 (1988). Petitioner did not have an administrator's license or the required training during the year at issue. In 1988, the Hospital's administrator was May Wong (Wong). Wong attended to the everyday operation and management of the Hospital, with the exception of bonus checks issued at Christmas time, which were signed by petitioner. Petitioner has sole authority *271 to dismiss Wong from her position as the Hospital's administrator and to hire a new administrator in her place. Petitioner lives in Palm Springs, California, and comes to San Francisco three or four times a year to see his family. Sometimes during these trips he visits the Hospital to greet old friends. On Schedule C of his 1988 return, petitioner reported a net profit of $ 148,530 from the Hospital. Petitioner did not file a Form SE to report self-employment tax nor did he pay self-employment tax on the net profits he received from the Hospital. By notice of deficiency dated August 1, 1991, respondent determined that the amount received by petitioner from his Hospital in 1988 constituted self-employment income subject to the self-employment tax. Respondent's determination is presumed correct, and petitioner has the burden to prove otherwise. Rule 142(a). Section 1401 imposes a tax on the "self-employment income" of every individual. "Self-employment income" is defined generally in section 1402(b) as "the net earnings from self-employment derived by an individual * * * during any taxable year". Section 1402(a) defines the term "net earnings from self-employment" as the "gross *272 income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Section 1.1402(a)-2(b), Income Tax Regs., provides that "the trade or business must be carried on by the individual, either personally or through agents or employees." See also S. Rept. 1669, 81st Cong., 2d Sess. (1950), 1950-2 C.B. 302, 354. These provisions are to be broadly construed to favor treatment of income as earnings from self-employment. Hornaday v. Commissioner, 81 T.C. 830, 834 (1983). Petitioner contends that the net profits he received from the Hospital did not derive from any trade or business carried on by him and argues therefore that such net profits are not subject to the self-employment tax. Petitioner argues that he did not play an active role in the management and operation of the Hospital and that he owned it as a passive investment. For purposes of the self-employment tax provisions, the term "trade or business" is to be accorded the same meaning as it is when used in section 162. Sec. 1402(c). However, because *273 section 162 provides no statutory definition of the term, the reference to section 162 requires consideration of the definition which has developed under case law interpreting the statute. The determination whether the activities of a taxpayer constitute carrying on a business requires an examination of the facts in each case. Higgins v. Commissioner, 312 U.S. 212, 217-218 (1941); see Groetzinger v. Commissioner, 480 U.S. 23, 29 (1987); see also Ditunno v. Commissioner, 80 T.C. 362, 366-367 (1983). Although petitioner contends that he was not involved in the active management of the Hospital, and therefore not subject to self-employment tax, active involvement in the management or operation of a trade or business is not always a requirement for self-employment tax liability. For purposes of the self-employment tax, a trade or business need not be carried on by the individual personally, as long as it is carried on "through agents or employees". Sec. 1.1402(a)-2(b), Income Tax Regs. In this case, the active management and operation of the nursing home was carried on by petitioner's employees. *274 Petitioner cannot avoid the self-employment tax by delegating operation and management responsibilities to employees or agents. Based on the facts and circumstances of this case, the operation of the Hospital clearly was a trade or business, and is not analogous to the rentals received from the passive ownership of real estate, which are not subject to the self-employment tax, sec. 1402(a)(1), the management of passive investments in a portfolio as in Higgins v. Commissioner, supra, or a minority interest in a gas well as in Hendrickson v. Commissioner, T.C. Memo. 1987-566. The operation of the Hospital involved continuous, regular, and substantial active management by petitioner's agents and/or employees. The activities petitioner carried on through his representatives did not consist simply of collecting interest and dividends as they accrued, or collecting royalties from a minority interest in a gas well. The operation of the Hospital required the substantial offering of services on a daily basis, the ordering of supplies and payment of bills, the hiring and firing of personnel, and the day-to-day management *275 of the Hospital. The circumstances that petitioner did not perform any of these activities personally and that he was not licensed to be the administrator of the Hospital are not dispositive of the issue presented. Petitioner delegated the responsibility of managing his trade or business to his employees and is therefore subject to self-employment tax on the net profits received from the Hospital. Accordingly, respondent's determination is sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩